UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SIERRA PACIFIC INDUSTRIES, | No. 2:11-cv-00346-MCE-JFM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| AMERICAN STATES INSURANCE COMPANY, | |
| Defendant. | |

Through this action, Plaintiff Sierra Pacific Industries ("Plaintiff") seeks redress from Defendant American States Insurance Company ("Defendant") based on Defendant's alleged breach of contract and the bad faith breach of contract. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. § 2201(a). Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

Defendant's Motion was filed on April 25, 2011.  (ECF No. 14.) Plaintiff filed a timely opposition to Defendant's Motion on May 26, 2011 (ECF No. 15), to which Defendant filed a timely reply (ECF No. 17).  For the reasons set forth below, Defendant's Motion to Dismiss is denied.[2]

**BACKGROUND**[3]

This action arises from Defendant's alleged breach of its contractual duty to defend Plaintiff in multiple ongoing lawsuits.  In 2007, Plaintiff entered into a timber harvest contract with multiple private landowners in Plumas County ("the Landowners").  Under the terms of Plaintiff's timber harvest contract with the Landowners, Plaintiff agreed to defend, indemnify and hold harmless the Landowners from and against any and all claims arising from the timber harvest operations on the Landowner's property.

Plaintiff then subcontracted the timber harvest operations to Howell's Forest Harvesting ("Howell").  Under the terms of Plaintiff's contract with Howell, Howell agreed to defend and indemnify Plaintiff from all liability and damages arising out of the timber harvest.

///

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint unless otherwise specified.  (See Pl.'s 1st Am. Compl., Apr. 7, 2011, ECF No. 11.)

2

1  Accordingly, Howell's commercial general liability insurance
2  policy, issued by Defendant, named Plaintiff as an additional
3  insured.  That insurance policy had aggregate limits of
4  $1,000,000.  It did not, however, cover liability and damages
5  arising from Plaintiff's independent negligence.
6       On September 3, 2007, the Moonlight Fire ignited in Plumas
7  County.  As a result of the fire, seven lawsuits were brought
8  against Plaintiff by public and private entities, including the
9  United States and the State of California, for damages stemming
10 from the fire.  Together, these suits ("the Moonlight Fire
11 Cases") seek one billion dollars in aggregate claims.  Several of
12 these suits allege that Plaintiff's independent negligence caused
13 the Moonlight Fire.  Specifically, the United States alleges that
14 Plaintiff needed to have an independent monitor on site to help
15 guard against fire hazards.
16      Prior to September 22, 2009, Plaintiff notified Defendant of
17 these lawsuits. On September 22, 2009, Plaintiff tendered its
18 defense to Defendant.  In the State of California's action
19 against Plaintiff, Plaintiff's responsive pleadings were due on
20 October 4, 2009.  If Plaintiff failed to appear before October 4,
21 2009, a default judgment could have been entered against
22 Plaintiff.
23      Defendant failed to acknowledge Plaintiff's tender of
24 defense within fifteen days, and also failed to acknowledge the
25 tender of defense before the date Plaintiff's responsive
26 pleadings were due.  Because Defendant did not assign Plaintiff
27 defense counsel before this date, Plaintiff was forced to hire
28 counsel to appear and protect its interests.

3

When Defendant did belatedly acknowledge Plaintiff's tender, Defendant failed to advise Plaintiff of the coverage provided to Plaintiff under the insurance policy. Furthermore, Defendant refused to investigate the qualifications necessary to assign competent defense counsel in the cases against Plaintiff, and instead sought to transfer defense of the Moonlight Fire Cases to inexpensive panel counsel with no experience litigating a complex wildfire case. The counsel selected by Defendant was ill-equipped to handle cases of such magnitude, and had no experience doing so. Defendant conceded to Plaintiff that its proposed counsel would be retained because of counsel's inexpensive hourly fee ($150.00 per hour).

Ultimately, Defendant agreed to contribute towards the cost of Plaintiff's chosen defense counsel at an hourly fee consistent with what it would have paid its own retained counsel. However, Defendant has refused to pay Plaintiff's chosen counsel for over a year, and has refused to respond to further communications requesting that Defendant acknowledge Plaintiff's chosen counsel. Defendant has further declined to Plaintiff's tender of defense as to claims against the Landowners.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

4

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [...] claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2)...requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).

5

1  A pleading must contain "only enough facts to state a claim to
2  relief that is plausible on its face." Id. at 570.  If the
3  "plaintiffs...have not nudged their claims across the line from
4  conceivable to plausible, their complaint must be dismissed."
5  Id.  However, "[a] well-pleaded complaint may proceed even if it
6  strikes a savvy judge that actual proof of those facts is
7  improbable, and 'that a recovery is very remote and unlikely.'"
8  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).
9       A court granting a motion to dismiss a complaint must then
10 decide whether to grant leave to amend.  Leave to amend should be
11 "freely given" where there is no "undue delay, bad faith or
12 dilatory motive on the part of the movant,...undue prejudice to
13 the opposing party by virtue of allowance of the amendment, [or]
14 futility of the amendment...." Foman v. Davis, 371 U.S. 178, 182
15 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,
16 1052 (9th Cir. 2003) (listing the Foman factors as those to be
17 considered when deciding whether to grant leave to amend).  Not
18 all of these factors merit equal weight.  Rather, "the
19 consideration of prejudice to the opposing party...carries the
20 greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton,
21 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal without leave to
22 amend is proper only if it is clear that "the complaint could not
23 be saved by any amendment." Intri-Plex Techs. v. Crest Group,
24 Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou
25 Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props.,
26 Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)
27 ("Leave need not be granted where the amendment of the
28 complaint...constitutes an exercise in futility....")).

**ANALYSIS**

California law recognizes in every contract, including insurance policies, an implied covenant of good faith and fair dealing. Anguiano v. Allstate Ins. Co., 209 F.3d 1167, 1169 (9th Cir. 2000) (citing PPG Indus., Inc. v. Transamerica Ins. Co., 975 P.2d 652, 654 (Cal. 1999)). The responsibility of an insurer to act in good faith is not a requirement mandated by the terms of an insurance policy itself but rather is imposed by law. Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1159 (9th Cir. 2002) (citing Gruenberg v. Aetna Ins. Co., 510 P.2d 1032, 1037 (Cal. 1973)). Breach of the implied covenant of good faith and fair dealing "sounds in tort notwithstanding that the denial of benefits may also constitute breach of the contract." Id. (citing Gruenberg, 510 P.2d at 1037.) California law requires that an insurer "take into account the interest of the insured and give it at least as much consideration as it does its own interest." Anguiano, 209 F.3d at 1169 (quoting Walbrook Ins. Co. v. Liberty Mut. Ins. Co., 5 Cal. App. 4th 1445, 1459 (1992)). An insurer breaches the implied covenant of good faith and fair dealing when it unreasonably, or without proper cause, deprives the insured of the benefits of the insurance policy. Egan v. Mut. of Omaha Ins. Co., 24 Cal. 3d 809, 818-19 (1979).

One of the benefits of an insurance policy is the insurer's duty to defend. See, e.g., Montrose Chem. Corp. v. Super. Ct., 6 Cal. 4th 287, 295 (1993). The duty to defend is broader than the duty to indemnify, and an insurer must defend a suit which potentially seeks damages within the coverage of the policy.

7

Anthem Elecs., Inc. v. Pac. Emp'rs Inc. Co., 302 F.3d 1049, 1054 (9th Cir. 2002) (citing Montrose, 6 Cal. 4th at 299). The duty to defend is "a continuing one, arising on tender of defense and lasting until the underlying lawsuit is concluded." Montrose, 6 Cal. 4th at 295 (citing Lambert v. Commonwealth Land Title Ins. Co., 53 Cal. 3d 1072, 1077 (1991)). "Imposition of an immediate duty to defend is necessary to afford the insured what it is entitled to: the full protection of a defense on its behalf." Id. The duty to defend requires that the insurer provide competent counsel, qualified to defend the insured in the particular matter at issue. Merritt v. Reserve Ins. Co., 34 Cal. App. 3d 858, 882 (1973).

In general, an insurer has the right to control the defense it provides to its insured. James 3 Corp. v. Truck Ins. Exch., 91 Cal. App. 4th 1093, 1105 (2002). However, when an insurer breaches its duty to defend, the insurer forfeits its right to control defense of the action. Intergulf Dev. v. Super. Ct., 183 Cal. App. 4th 16, 20 (2010) (citing Fuller-Austin Insulation Co. v. Highlands Ins. Co., 135 Cal. App. 4th 958, 984 (2006); Atmel Corp. v. St. Paul Fire & Marine Ins. Co., 426 F. Supp. 2d 1039, 1047 (N.D. Cal. 2005)). As such, when an insured breaches the duty to defend, an insured has the right to retain its own counsel to defend it. See Amato v. Mercury Cas. Co., 53 Cal. App. 4th 825, 834 (1997).

///
///
///
///

Finally, an insured is entitled to independent counsel in certain circumstances. When an existing or potential conflict of interest arises between the insurer and insured, such as a dispute over coverage, California law requires the insurer to retain separate counsel for the insured. Cal. Civ. Code § 2860 (West 2011). While this situation most commonly arises when an insurer defends under a reservation of rights, the insured's right to independent counsel is not solely dependent on a reservation of rights by the insurer. Gulf Ins. Co. v. Berger, 79 Cal. App. 4th 114, 131 (2000); James 3 Corp., 91 Cal. App. 4th at 1101. Rather, there may be a conflict of interest in "any...situation where an attorney who represents the interests of both the insurer and the insured finds that his or her representation of the one is rendered less effective by reason of his or her representation of the other." James 3 Corp., 91 Cal. App. 4th at 1101 (internal citations omitted). The right to independent counsel is therefore based on an attorney's professional and ethical obligations. Golden Eagle Ins. Co. v. Foremost Ins. Co., 20 Cal. App. 4th 1372, 1395-96 (1993). Thus, "[t]he potential for conflict requires a careful analysis of the parties' respective interests to determine whether they can be reconciled...or whether an actual conflict of interest precludes insurer-appointed defense counsel from presenting a quality defense for the insured." Gulf Ins. Co., 91 Cal. App. 4th at 131 (quoting Dynamic Concepts, Inc. v. Truck Ins. Exch., 61 Cal. App. 4th 999, 1007-08 (1998)).

///

///

A disqualifying conflict exists if the insurance counsel has "incentive to attach liability to the insured." Id. (quoting Blanchard v. State Farm Fire & Cas. Co., 2 Cal. App. 4th 345, 350 (1991)). "The test is whether the conflict precludes the insurer-appointed counsel from presenting a quality defense for the insured." Id. (quoting 7 Croskey et al., Cal. Practice Guide: Ins. Litig. 772 (1999)).

Here, Plaintiff argues that by denying Plaintiff defense counsel in the Moonlight Fire Cases, Defendant has acted in bad faith and has breached its duty to defend. (Pl.'s 1st Am. Compl., 16:5-28, ECF No. 11.) Plaintiff alleges that Defendant breached its duty to defend in numerous ways, including failing to timely acknowledge Plaintiff's tender of defense and attempting to retain defense counsel who lacked the expertise, skill and knowledge necessary to defend cases of the magnitude of the Moonlight Fire Cases. (Pl.'s 1st Am. Compl., 16:15-19, ECF No. 11.) Plaintiff further alleges that because Defendant breached its duty to defend, Defendant forfeited its right to control defense of the Moonlight Fire Cases. (Pl.'s 1st Am. Compl., 12:7-15, ECF. No. 11.) As such, Plaintiff contends that it was entitled to retain its own defense counsel to defend its interests in the Moonlight Fire Cases. (Pl.'s 1st Am. Compl., 9:15, ECF No. 11.) Finally, Plaintiff alleges that because Plaintiff and Defendant have multiple real and existing conflicts of interest in defending the Moonlight Fire Cases, Plaintiff is entitled to independent counsel under California law. (Pl.'s 1st Am. Compl., 12:20-15:18, ECF No. 11.)

///

1  Defendant argues that it has not breached the insurance
2 contract because the relevant insurance policy does not obligate
3 Defendant to pay for defense counsel selected by Plaintiff.
4 (Def.'s Mot. Dismiss, 8:2, ECF No. 14.)  To support this
5 contention, Defendant argues that under the language of the
6 policy, Defendant has the right to select defense counsel and to
7 control Plaintiff's defense.  (Def.'s Mot. Dismiss, 8:9-19, ECF
8 No. 14.)  Defendant also argues that under the No Voluntary
9 Payments Clause of the policy, Defendant is not required to
10 reimburse Plaintiff for payments that Plaintiff voluntarily made
11 to its independent counsel after rejecting Defendant's proposed
12 panel counsel.  (Def.'s Mot. Dismiss, 11:12-22, ECF No. 14.)
13   Under California law, Defendant does not have the right to
14 control Plaintiff's defense if there is a conflict of interest
15 present.  <u>James 3 Corp.</u>, 91 Cal. App. 4th at 1101.  Plaintiff
16 points to numerous potential conflicts of interest existing
17 between Plaintiff and Defendant.  (Pl.'s 1st Am. Compl., 12:20-
18 25, ECF No. 11.)  Specifically, Plaintiff asserts that because
19 the insurance coverage afforded Plaintiff under contract with
20 Defendant only insures Plaintiff's vicarious liability arising
21 out of Howell's liability, Plaintiff's interest is to have
22 defense counsel marshal the facts and law to establish that
23 Plaintiff has no independent liability.  (Pl.'s 1st Am. Compl.,
24 13:4-12, ECF No. 11.)  Defendant's interest, however, according
25 to Plaintiff, is to marshal the facts and law to establish that
26 Plaintiff's liability is independent from Howell's.  (Pl.'s 1st
27 Am. Compl., 13:4-12, ECF No. 11.)
28 ///

11

1   These conflicting interests cannot be reconciled, and may be
2   sufficient to preclude the insurer-appointed counsel from
3   "presenting a quality defense for the insured," entitling
4   Plaintiff to independent counsel. Gulf Ins. Co., 79 Cal. App.
5   4th at 131.  Plaintiff has therefore alleged facts sufficient to
6   establish the existence of conflicts between Defendant's
7   interests and Plaintiff's interests such that Plaintiff may be
8   entitled to independent counsel.  Defendant's argument therefore
9   fails.

10      Likewise, Defendant does not have the right to control
11  Plaintiff's defense, and the No Voluntary Payments Clause does
12  not apply, if Defendant has breached its duty to defend Plaintiff
13  in the Moonlight Fire Cases.  See Intergulf Dev., 183 Cal. App.
14  4th at 20.  Plaintiff makes numerous allegations which might
15  establish Defendant's breach of the duty to defend, including
16  Defendant's failure to provide a timely defense, failure to
17  provide competent counsel, and failure to fund Plaintiff's
18  defense.  (Pl.'s 1st Am. Compl., 16:8-28, ECF No. 11.)  Viewing
19  the facts in the light most favorable to the non-moving party,
20  Plaintiff's pleadings are sufficient to show that Defendant may
21  have breached its duty to defend, and may have accordingly
22  forfeited its right to control Plaintiff's defense in the
23  Moonlight Fire Cases.

24      Defendant next argues that because Defendant is not
25  defending Plaintiff in the Moonlight Fire Cases under a
26  reservation of rights, there is no conflict of interest under
27  section 2860 of the California Civil Code.  (Def.'s Mot. Dismiss,
28  9:26, ECF No. 14.)

12

1  Accordingly, Defendant argues, it is not obligated to fund
2  Plaintiff's independent counsel.  (Def.'s Mot. Dismiss, 9:27, ECF
3  No. 14.)  However, as set forth above, a reservation of rights is
4  not the only circumstance which may create a conflict of interest
5  entitling an insured to independent counsel.  <u>See</u> <u>supra</u>.  Rather,
6  the right to independent counsel is based on an attorney's
7  professional and ethical obligations.  <u>Golden Eagle Ins. Co.</u>,
8  20 Cal. App. 4th at 1395-96.  Plaintiff has alleged facts
9  sufficient to establish that the conflicts of interest may exist
10 between Plaintiff and Defendant.  Specifically, Plaintiff and
11 Defendant's conflicting interests regarding how to marshal the
12 facts and law of the case pertaining to liability may create a
13 professional and ethical dilemma for defense counsel appointed by
14 Defendant.  (Pl.'s 1st Am. Compl., 13:4-12, ECF No. 11.)
15 Defendant's argument accordingly fails.
16      Defendant also asserts that its attempt to assign
17 incompetent defense counsel does not support a claim for relief
18 because the adequacy of the defense is not relevant to the
19 question of whether Plaintiff is entitled to act without
20 Defendant's consent in retaining independent counsel.  (Def.'s
21 Mot. Dismiss, 14:8-12, ECF No. 14.)  However, under California
22 law, the duty to defend requires that an insurer employ competent
23 counsel to represent its insured and provide counsel with
24 adequate funds to conduct the defense.  <u>Merrit</u>, 34 Cal. App. 3d
25 at 882.  Plaintiff alleges that Defendant failed to employ
26 competent counsel, as Defendant attempted to retain counsel with
27 no experience litigating a timber harvest case.  (Pl.'s 1st Am.
28 Compl., 9:18-20, ECF No. 11.)

13

1  Plaintiff further alleges that Defendant failed to provide
2  Plaintiff's independent defense counsel with any funds at all to
3  conduct a meaningful defense in the Moonlight Fire Cases.  (Pl.'s
4  1st Am. Compl., 10:6-26, 11:18-20, ECF No. 11.)  Plaintiff has
5  therefore alleged facts sufficient to establish that Defendant
6  may have breached its duty to employ competent counsel and
7  provide counsel with adequate funding, in breach of Defendant's
8  duty to defend.  The adequacy of the defense provided by
9  Defendant is accordingly relevant to whether Defendant breached
10 its duty to defend, and Defendant's argument fails.
11      Next, Defendant argues that violation of the Commissioner's
12 regulations against Unfair and Deceptive Practices in Insurance
13 is not a cause of action for which Plaintiff may allege breach of
14 contract.  (Def.'s Mot. Dismiss, 15:25, ECF No. 14.)  However,
15 Plaintiff does not attempt to allege a separate cause of action
16 for violation of these rules.  (See Pl.'s 1st Am. Compl., ECF
17 No. 11.)  Rather, Plaintiff argues that Defendant's violation of
18 these rules is evidence of Defendant's unreasonable and improper
19 conduct and Defendant's failure to provide a defense immediately.
20 (Pl.'s 1st Am. Compl., 9:9-16, ECF No. 11; see also Pl.'s Opp'n,
21 16:22, ECF No. 15 (citing Jordan v. Allstate, 148 Cal. App. 4th
22 1062, 1078 (2002)).)  Defendant's argument is therefore without
23 merit.
24 ///
25 ///
26 ///
27 ///
28 ///

1    Finally, Defendant argues that it need only pay a portion of
2 Plaintiff's independent counsel fees if Plaintiff and Defendant
3 form a valid contract, outside of the policy itself, which
4 obligates Defendant to pay such fees.[4]  (Def.'s Mot. Dismiss,
5 18:18, ECF No. 14.)  Defendant asserts that there is no such
6 contract here.  (Def.'s Mot. Dismiss, 18:22, ECF No. 14.)
7 However, if Defendant has breached its duty to defend, or if
8 there is a conflict of interest requiring independent counsel, no
9 separate contract is required.  See Amato, 53 Cal. App. 4th
10 at 833.  Furthermore, even assuming that Defendant correctly
11 states that a separate contract between Plaintiff and Defendant
12 is required, Plaintiff has pled facts sufficient to establish
13 that Defendant agreed to pay a portion of Plaintiff's counsel
14 fees.  (Pl.'s 1st Am. Compl., 11:12, ECF No. 11.)  As such,
15 Defendant's argument with respect to fees also fails.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///

---

[4] Defendant relies on Michaelian v. State Compensation Insurance Fund, in which a defending insurer withdrew its defense after an intervening court decision removed any potential for coverage and the plaintiff then argued that in undertaking the defense the insurer had waived its right to claim no coverage. 50 Cal. App. 4th 1093, 1105-06 (1996).  However, Michaelian is not applicable precedent.  Coverage is not in dispute in this case.  Furthermore, no court decision has abrogated Defendant's duty to defend, and Plaintiff is not attempting to use waiver to compel Defendant to provide a defense.

15

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Plaintiff's First Amended Complaint survives Defendant's Motion to Dismiss on numerous levels. Defendant's Motion to Dismiss (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated: July 15, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE