FRANK FALZETTA, Cal. Bar No. 125146
ffalzetta@sheppardmullin.com
SCOTT SVESLOSKY, Cal. Bar No. 217660
ssveslosky@sheppardmullin.com
LEO D. CASERIA, Cal. Bar No. 240323
lcaseria@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398

Attorneys for Defendant and Counterclaimant
AMERICAN STATES INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SIERRA PACIFIC INDUSTRIES,<br><br>            Plaintiff,<br><br>     v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:11-CV-00346-MCE-JFM<br><br>**STIPULATION AND ORDER FOR CONTINUANCE** |

## STIPULATION

Pursuant to Local Rules 143 and 144, Plaintiff and Counter-Defendant Sierra Pacific Industries, Inc. ("SPI") and Defendant and Counterclaimant American States Insurance Company ("ASIC") hereby stipulate and agree, subject to Court approval, to a six month continuance of the trial date and all pre-trial deadlines in the above-entitled action.  Specifically, SPI and ASIC stipulate and agree as follows:

**WHEREAS**, SPI filed its First Amended Complaint ("FAC") against ASIC on April 7, 2011;

**WHEREAS**, ASIC filed its Counterclaim against SPI on August 1, 2011;

**WHEREAS**, on September 8, 2011, SPI filed a Motion for Judgment on the Pleadings;

**WHEREAS**, on September 8, 2011, SPI also filed a Motion to Dismiss ASIC's second counterclaim against SPI for breach of the duty to cooperate;

**WHEREAS**, on October 3, 2011, the Court took SPI's Motion for Judgment on the Pleadings and Motion to Dismiss under submission and has not yet ruled on either Motion;

**WHEREAS**, on October 17, 2011, ASIC and SPI filed with the Court the Stipulation and Order Extending Time for Parties to Respond to Discovery ("Discovery Stipulation") in which the parties stipulated to work diligently towards a protective order and stipulated that, upon the Court's approval of a protective order, the parties would: (1) within thirty days of the approval, each party produce documents and responses to their respective discovery requests; and (2) bring motions to compel, if necessary, within sixty days after the exchange;

**WHEREAS**, the Court approved the Discovery Stipulation on October 26, 2011;

**WHEREAS**, on November 4, 2011, ASIC and SPI filed with the Court the Stipulation and Order Extending Time for the Parties to Disclose Expert Witnesses and Expert Reports Required by Rule 26(a)(2) ("Expert Stipulation"), in which the parties stipulated to:  (1) disclose expert witnesses and reports pursuant to Rule 26(a)(2) within 30 days after the last day for bringing motions to compel pursuant to the Discovery

Stipulation, or 90 days before trial, whichever is earlier; and (2) disclose expert rebuttal evidence within thirty days after the deadline for disclosing expert witnesses and reports;

**WHEREAS**, the Court approved the Expert Stipulation on November 8, 2011;

**WHEREAS**, the parties have been unable to reach an agreement on the terms of a stipulated protective order;

**WHEREAS**, ASIC will be filing a motion to compel, and the earliest available hearing date before Magistrate Judge John F. Moulds is currently January 12, 2012;

**WHEREAS**, SPI will be filing a motion for a protective order staying discovery pending adjudication of the underlying Moonlight Fire Cases;

**WHEREAS**, pursuant to the Joint Status Report filed April 18, 2011, the discovery cutoff is February 9, 2012, the deadline to file motions for summary judgment is February 23, 2012, the deadline to file motions in limine is April 23, 2012, the final pretrial conference is scheduled for May 24, 2012, and trial is set to begin June 4, 2012;

**WHEREAS**, this is the parties' first request for a trial continuance;

**WHEREAS**, good cause exists for the Court to order a continuance pursuant to the parties' stipulation for the following reasons:

1. SPI was sued by the United States and others arising out of the Moonlight Fire.  The United States alleges that SPI had a non-delegable duty on which the United States asserts SPI has sole and independent liability.

2. SPI is an insured under ASIC  Commercial Package Policy No. 01-CG-591727-4 in connection with the lawsuits identified in paragraph 20 of SPI's FAC (the "Moonlight Fire Cases").

3. SPI contends that the Liability Plus Endorsement provides coverage for SPI's vicarious liability arising out of the liability of ASIC's named insured, Eunice Howell, doing business as Howell's Forest Service.  SPI further contends that the Liability Plus Endorsement does not however provide coverage for SPI's sole negligence or independent liability.

4. As a result of the facts as set forth in Numbers 1 and 3 above, plaintiff contends but defendant disputes that that issues in this coverage litigation and the underlying action overlap, i.e. the issue of SPI's independent liability.  ASIC contends that this issue of SPI's independent liability is immaterial because ASIC has waived any right to deny coverage based on SPI's independent liability by accepting SPI's defense with no reservation of right.

5. SPI's FAC asserts claims against ASIC for bad faith breach of contract, breach of contract, and declaratory relief in connection with its defense in the Moonlight Fire Cases  ASIC denies SPI's contentions.

6. ASIC propounded requests for production of documents and special interrogatories on SPI.  On October 4, 2011, SPI served ASIC with written objections to ASIC's discovery, mainly on the basis that the requested discovery could prejudice ASIC's defense in the underlying Moonlight Fire cases and that discovery should be stayed until resolution of the underlying case.  Prior to serving its responses, SPI had also served ASIC with requests for production of documents to which ASIC has yet to respond.  The parties met and conferred over their discovery issues and agreed to work on a joint protective order to facilitate discovery.

7. Pursuant to the parties' Discovery Stipulation, upon the Court's approval of a stipulated protective order, the parties have thirty days to produce documents and responses to their respective discovery requests.  However, after seven weeks, the parties have been unable to come to an agreement on the terms of a stipulated protective order.  SPI has proposed a protective order that would allow it to designate certain categories of documents as being withheld due to the potential prejudice of its defense in the underlying Moonlight Fire Cases, but produce other documents relevant to this case.  In the event of ASIC's objection, SPI would then move for a protective order.  ASIC has proposed a protective order that would restrict the disclosure of such materials to ASIC's outside counsel in this matter and certain other individuals, but not to ASIC itself. As a result, ASIC plans to file a motion to compel. The earliest hearing date currently available before

1  Magistrate Judge John F. Moulds is January 12, 2012.  As a result, even assuming Judge
2  Moulds rules on ASIC's motion on January 12, 2012, and assuming that discovery is
3  exchanged within two weeks, the parties will have less than one month to resolve
4  discovery disputes, propound follow-up discovery, take depositions, and prepare expert
5  reports before the discovery cutoff deadline, after which the parties would need to prepare
6  motions to summary judgment and prepare for trial.

7        8. The parties need more time to conduct discovery, prepare summary
8  judgment motions and prepare for trial.  SPI has asserted that the seven underlying
9  Moonlight Fire Cases are complex and seek $1 billion from SPI in aggregate.  No
10 discovery has been exchanged yet.  The parties need to exchange discovery, analyze the
11 discovery, file motions to compel if necessary, propound additional discovery based on
12 information contained in the documents and facts exchanged, take depositions, prepare
13 expert reports, depose experts, prepare summary judgment motions, prepare motions in
14 limine, and prepare for trial.

15       9. Moreover, the Court has not yet ruled on SPI's motion to dismiss ASIC's
16 claim for breach of the duty to cooperate or SPI's motion for judgment on the pleadings,
17 which seeks an order declaring that SPI has a right to independent counsel and that ASIC
18 has no right to control its defense.  The Court's rulings on these motions could significantly
19 impact the nature and scope of discovery in this case.  The current trial and pre-trial
20 schedule does not allow the parties sufficient time to complete all the discovery, briefing,
21 and trial preparation needed in this case.

22       10. In addition, SPI continues to maintain that a large portion of this action
23 should be stayed pending resolution of the underlying litigation and anticipates that a
24 motion for stay will be necessary.

25       11. For all the reasons set forth above, Counsel for both parties believe that
26 extending the trial and pre-trial deadlines by approximately six months as set forth below
27 will allow the parties sufficient time to exchange discovery, prepare summary judgment
28 briefs, and prepare for trial.  The parties and their respective counsel are also confident that

1  these new deadlines will promote and encourage settlement discussions.

2  **NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the
3  parties, through their undersigned counsel, that the following deadlines shall supersede and
4  replace the corresponding deadlines set forth in the parties' Joint Status Report dated April
5  18, 2011:

6  1.   **August 8, 2012**:  Discovery cutoff.  All discovery must be completed by this
7  date.

8  2.   **August 22, 2012**:  Deadline for the parties to file and serve motions for
9  summary judgment and/or adjudication and non-trial related motions.

10  3.   **October 23, 2012**:  Deadline for the parties to file and serve motions in
11  limine and other trial-related motions.

12  4.   **September 23, 2012**:  Final pretrial conference.

13  5.   **December 7, 2012**:  Trial.

14  DATED:  December 8, 2011         SHEPPARD MULLIN RICHTER & HAMPTON LLP

15                                   By        /s/ Leo D. Caseria
16                                          LEO D. CASERIA
                                       Attorneys for Defendant and Counterclaimant
17                                      AMERICAN STATES INSURANCE COMPANY

18  DATED:  December 8, 2011         THE LAW OFFICE OF DENISE JARMAN

19                                   By        /s/ Denise Jarman (as authorized on
20                                                  December 7, 2011)
21                                          DENISE JARMAN
                                       Attorneys for Plaintiff and Counterdefendant
22                                      SIERRA PACIFIC INDUSTRIES, INC.

23  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

24  Dated:  January 6, 2012

25
26                                   _____
                                     MORRISON C. ENGLAND, JR
27                                   UNITED STATES DISTRICT JUDGE
28