UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


SIERRA PACIFIC INDUSTRIES,          No. 2:11-cv-00346-MCE-JFM

        Plaintiff,

    v.                                  <u>PRETRIAL SCHEDULING ORDER</u>

AMERICAN STATES INSURANCE
COMPANY,

        Defendant.
_____/

    After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

    I.   <u>SERVICE OF PROCESS</u>

    All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

    II.   <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

    No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

    III. <u>JURISDICTION/VENUE</u>

    Jurisdiction is predicated upon 28 U.S.C. section 1332. Jurisdiction and venue are not contested.

1    IV.   DISCOVERY

2         All discovery, with the exception of expert discovery, shall

3    be completed by **October 5, 2012**.   In this context, "completed"

4    means that all discovery shall have been conducted so that all

5    depositions have been taken and any disputes relative to

6    discovery shall have been resolved by appropriate order if

7    necessary and, where discovery has been ordered, the order has

8    been obeyed.   All motions to compel discovery must be noticed on

9    the magistrate judge's calendar in accordance with the local

10   rules of this Court.

11   V.   DISCLOSURE OF EXPERT WITNESSES

12        All counsel are to designate in writing, file with the

13   Court, and serve upon all other parties the name, address, and

14   area of expertise of each expert that they propose to tender at

15   trial not later than **December 5, 2012**.[1]   The designation shall be

16   accompanied by a written report prepared and signed by the

17   witness.   The report shall comply with Fed. R. Civ. P.

18   26(a)(2)(B).

19        Within twenty (20) days after the designation of expert

20   witnesses, any party may designate a supplemental list of expert

21   witnesses who will express an opinion on a subject covered by an

22   expert designated by an adverse party.

23   ///

24   ///

25   ///

26   _____

27        [1] The discovery of experts will include whether any motions
     based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S.
     579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167
28   (1999) are anticipated.

The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who my be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

///
///
///
///
///

1  Each party shall identify whether a disclosed expert is
2  percipient, retained, or both.  It will be assumed that a party
3  designating a retained expert has acquired the express permission
4  of the witness to be so listed.  Parties designating percipient
5  experts must state in the designation who is responsible for
6  arranging the deposition of such persons.

7  All experts designated are to be fully prepared at the time
8  of designation to render an informed opinion, and give their
9  bases for their opinion, so that they will be able to give full
10  and complete testimony at any deposition taken by the opposing
11  party.  Experts will not be permitted to testify at the trial as
12  to any information gathered or evaluated, or opinion formed,
13  after deposition taken subsequent to designation.

14  Counsel are instructed to complete all discovery of expert
15  witnesses in a timely manner in order to comply with the Court's
16  deadline for filing dispositive motions.

17  VI.  <u>MOTION HEARING SCHEDULE</u>

18  The last day to hear dispositive motions shall be **April 4,**
19  **2013.**  The parties shall comply with the following filing
20  deadlines:

21  Dispositive motion                 filed at least 8 weeks
22                                     prior to hearing

23  Opposition and any                 filed at least 5 weeks
   cross-motion                       prior to hearing

24  Reply and opposition to            filed at least 3 weeks
   cross-motion                       prior to hearing
25

26  Reply to cross-motion              filed at least 1 week
                                      prior to hearing

27

28  ///

4

1   The parties are directed to the Court's website for
2   available hearing dates.  (www.caed.uscourts.gov → choose Court
3   Calendar → choose Judge England → choose More Calendaring
4   Information)

5   All purely legal issues are to be resolved by timely
6   pretrial motions.  Failure to comply with Local Rules 230 and
7   260, as modified by this Order, may be deemed consent to the
8   motion and the Court may dispose of the motion summarily.
9   Further, failure to timely oppose a summary judgment motion[2] may
10  result in the granting of that motion if the movant shifts the
11  burden to the nonmovant to demonstrate that a genuine issue of
12  material fact remains for trial.

13  The Court places a page limit for points and authorities
14  (exclusive of exhibits and other supporting documentation) of
15  twenty (20) pages on all initial moving papers, twenty (20) pages
16  on oppositions, and ten (10) pages for replies.  All requests for
17  page limit increases must be made in writing to the Court setting
18  forth any and all reasons for any increase in page limit at least
19  fourteen (14) days prior to the filing of the motion.

20  For the Court's convenience, citations to Supreme Court
21  cases should include parallel citations to the Supreme Court
22  Reporter.

23  ///

24  ///

25  ///

26

27      [2] The Court urges any party that contemplates bringing a
28  motion for summary judgment or who must oppose a motion for
    summary judgment to review Local Rule 260.

5

1    The parties are reminded that a motion in limine is a

2    pretrial procedural device designed to address the admissibility

3    of evidence.  The Court will look with disfavor upon

4    dispositional motions presented at the Final Pretrial Conference

5    or at trial in the guise of motions in limine.

6    The parties are cautioned that failure to raise a

7    dispositive legal issue that could have been tendered to the

8    court by proper pretrial motion prior to the dispositive motion

9    cut-off date may constitute waiver of such issue.

10   VII. FINAL PRETRIAL CONFERENCE

11   The Final Pretrial Conference is set for **June 13, 2013** at

12   **2:00 p.m.**  At least one of the attorneys who will conduct the

13   trial for each of the parties shall attend the Final Pretrial

14   Conference.  If by reason of illness or other unavoidable

15   circumstance a trial attorney is unable to attend, the attorney

16   who attends in place of the trial attorney shall have equal

17   familiarity with the case and equal authorization to make

18   commitments on behalf of the client.

19   Counsel for all parties are to be fully prepared for trial

20   at the time of the Final Pretrial Conference, with no matters

21   remaining to be accomplished except production of witnesses for

22   oral testimony.

23   The parties shall file, not later than **May 23, 2013,** a Joint

24   Final Pretrial Conference Statement.  The provisions of Local

25   Rules 281 shall apply with respect to the matters to be included

26   in the Joint Final Pretrial Conference Statement.

27   ///

28   ///

1   In addition to those subjects listed in Local Rule 281(b), the
2   parties are to provide the Court with a plain, concise statement
3   that identifies every non-discovery motion tendered to the Court
4   and its resolution.  Failure to comply with Local Rule 281, as
5   modified by this Pretrial Scheduling Order, may be grounds for
6   sanctions.

7       At the time of filing the Joint Final Pretrial Conference
8   Statement, counsel shall also electronically mail to the Court in
9   digital format compatible with Microsoft Word or WordPerfect, the
10  Joint Final Pretrial Conference Statement in its entirety
11  including the witness and exhibit lists.  **These documents shall**
12  **be sent to: mceorders@caed.uscourts.gov.**

13      The parties should identify first the core undisputed facts
14  relevant to all claims.  The parties should then, in a concise
15  manner, identify those undisputed core facts that are relevant to
16  each claim.  The disputed facts should be identified in the same
17  manner.  Where the parties are unable to agree as to what
18  disputed facts are properly before the Court for trial, they
19  should nevertheless list all disputed facts asserted by each
20  party.  Each disputed fact or undisputed fact should be
21  separately numbered or lettered.

22      Each party shall identify and concisely list each disputed
23  evidentiary issue which will be the subject of a motion in
24  limine.

25  ///
26  ///
27  ///
28  ///

7

1   Each party shall identify the points of law which concisely
2   describe the legal issues of the trial which will be discussed in
3   the parties' respective trial briefs.  Points of law should
4   reflect issues derived from the core undisputed and disputed
5   facts.  Parties shall not include argument or authorities with
6   any point of law.

7   The parties shall prepare a joint statement of the case in
8   plain concise language which will be read to the jury at the
9   beginning of the trial.  The purpose of the joint statement is to
10  inform the jury what the case is about.

11  The parties are reminded that pursuant to Local Rule 281
12  they are required to list in the Joint Final Pretrial Conference
13  Statement all witnesses and exhibits they propose to offer at
14  trial.  After the name of each witness, each party shall provide
15  a brief statement of the nature of the testimony to be proffered.
16  The parties may file a joint list or each party may file separate
17  lists.  These list(s) shall not be contained in the body of the
18  Joint Final Pretrial Conference Statement itself, but shall be
19  attached as separate documents to be used as addenda to the Final
20  Pretrial Order.

21  Plaintiff's exhibits shall be listed numerically.
22  Defendant's exhibits shall be listed alphabetically.  The parties
23  shall use the standard exhibit stickers provided by the Court
24  Clerk's Office: pink for plaintiff and blue for defendant.  In
25  the event that the alphabet is exhausted, the exhibits shall be
26  marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
27  number of letters in parenthesis (i.e., "AAAA(4)") to reduce
28  confusion at trial.

8

1   All multi-page exhibits shall be stapled or otherwise fastened

2   together and each page within the exhibit shall be numbered.  All

3   photographs shall be marked individually.  The list of exhibits

4   shall not include excerpts of depositions, which may be used to

5   impeach witnesses.  In the event that Plaintiff and Defendant

6   offer the same exhibit during trial, that exhibit shall be

7   referred to by the designation the exhibit is <u>first</u> <u>identified</u>.

8   The Court cautions the parties to pay attention to this detail so

9   that all concerned, including the jury, will not be confused by

10  one exhibit being identified with both a number and a letter.

11      The Final Pretrial Order will contain a stringent standard

12  for the offering at trial of witnesses and exhibits not listed in

13  the Final Pretrial Order, and the parties are cautioned that the

14  standard will be strictly applied.  On the other hand, the

15  listing of exhibits or witnesses that a party does not intend to

16  offer will be viewed as an abuse of the court's processes.

17      The parties also are reminded that pursuant to Rule 16 of

18  the Federal Rules of Civil Procedure it will be their duty at the

19  Final Pretrial Conference to aid the Court in: (a) the

20  formulation and simplification of issues and the elimination of

21  frivolous claims or defenses; (b) the settling of facts that

22  should properly be admitted; and (c) the avoidance of unnecessary

23  proof and cumulative evidence.  Counsel must cooperatively

24  prepare the Joint Final Pretrial Conference Statement and

25  participate in good faith at the Final Pretrial Conference with

26  these aims in mind.

27  ///

28  ///

1  A failure to do so may result in the imposition of sanctions
2  which may include monetary sanctions, orders precluding proof,
3  elimination of claims or defenses, or such other sanctions as the
4  Court deems appropriate.

5        VIII.  <u>TRIAL BRIEFS</u>

6        The parties shall file trial briefs not later than **May 30,**
7  **2013.**  Counsel are directed to Local Rule 285 regarding the
8  content of trial briefs.

9        IX.  <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

10       Any evidentiary or procedural motions are to be filed by
11 **May 23, 2013.**  Oppositions must be filed by **May 30, 2013** and any
12 reply must be filed by **June 6, 2013.**  The motions will be heard
13 by the Court at the same time as the Final Pretrial Conference.

14       X.  <u>TRIAL SETTING</u>

15       The trial is set for **August 5, 2013 at 9:00 a.m.**  Trial will
16 be by jury.  The panel will consist of **eight (8) jurors.**  The
17 parties estimate a trial length of **eight (8) days.**

18       XI.  <u>SETTLEMENT CONFERENCE</u>

19       At the Final Pretrial Conference, the Court may set a
20 settlement conference if the parties so request.  In the event no
21 settlement conference is requested, the parties are free to
22 continue to mediate or attempt to settle the case with the
23 understanding that the trial date is a firm date.

24       In the event a settlement conference is set by the Court,
25 counsel are instructed to have a principal with full settlement
26 authority present at the Settlement Conference or to be fully
27 authorized to settle the matter on any terms.

28 ///

At least seven (7) calendar days before the settlement
conference, counsel for each party shall submit to the chambers
of the settlement judge a confidential Settlement Conference
Statement.  Such statements are neither to be filed with the
Clerk nor served on opposing counsel.  Each party, however, shall
serve notice on all other parties that the statement has been
submitted.  If the settlement judge is not the trial judge, the
Settlement Conference Statement shall not be disclosed to the
trial judge.

Notwithstanding the foregoing, the parties may request a
settlement conference prior to the Final Pretrial Conference if
they feel it would lead to the possible resolution of the case.
In the event an early settlement conference date is requested,
the parties shall file said request jointly, in writing.  The
request must state whether the parties waive disqualification,
pursuant to Local Rule 270(b), before a settlement judge can be
assigned to the case.  Absent the parties' affirmatively
requesting that the assigned Judge or Magistrate Judge
participate in the settlement conference AND waiver, pursuant to
Local Rule 270(b), a settlement judge will be randomly assigned
to the case.

XII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

Pursuant to Local Rule 271 parties will need to lodge a
stipulation and proposed order requesting referral to the
Voluntary Dispute Resolution Program.

///

///

///

1   XIII.   <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

2        The parties are reminded that pursuant to Rule 16(b) of the

3   Federal Rules of Civil Procedure, the Pretrial Scheduling Order

4   shall not be modified except by leave of court upon a showing of

5   **good cause.**   Agreement by the parties pursuant to stipulation

6   alone to modify the Pretrial Scheduling Order does not constitute

7   good cause.   Except in extraordinary circumstances,

8   unavailability of witnesses or counsel will not constitute good

9   cause.

10   XIV. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

11        This Pretrial Scheduling Order will become final without

12   further order of the Court unless objections are filed within

13   seven (7) <u>court</u> days of service of this Order.

14        IT IS SO ORDERED.

15   Dated: January 11, 2012

16

17

18        MORRISON C. ENGLAND, JR.
          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

12