IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIERRA PACIFIC INDUS.,

    Plaintiff,                     No. CIV 2:11-cv-0346-MCE-JFM

    vs.

AMERICAN STATES INS. CO.,

    Defendant.              <u>ORDER</u>

_____/

        On January 12, 2012, the court held a hearing on defendant's motion to compel. Denise Jarman and Joel Westbrook appeared for plaintiff. Leo Caseria appeared for defendant. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT PROCEDURAL BACKGROUND

        This action was filed on February 7, 2011 and is proceeding on an April 7, 2011 first amended complaint alleging insurance bad faith and breach of contract. Plaintiff, the insured, alleges defendant, the insurer, failed to defend it per the terms of an insurance policy against seven suits ("the Moonlight Fire cases") filed against it and stemming from a September 2007 fire in Lassen County, California. Plaintiff seeks damages and declaratory relief. Defendant filed a counterclaim for breach of contract and declaratory relief.

On September 8, 2011, plaintiff filed a motion to dismiss and a motion for judgment on the pleadings. See Doc. Nos. 26-27. Both of these matters have been taken under submission by the Honorable Morrison C. England.

DISCUSSION

A.     Background

On August 1, 2011, defendant served plaintiff with its First Set of Discovery Requests (115 requests for production and 15 interrogatories) which sought, generally, facts and documents supporting plaintiff's claims. On August 24, 2011, defendant agreed to a 28-day extension of time for plaintiff to respond to the discovery requests. On October 4, 2011, plaintiff served its responses and asserted objections. According to defendant, plaintiff failed to produce a single document or substantive response. Plaintiff did, however, state that it would be willing provide documents and substantive responses pursuant to a protective order.

On October 11, 2011, the parties met and conferred regarding the entry of a protective order. On October 17, 2011, the parties signed and filed a stipulation ("the Stipulation") in which they agreed to work diligently on a protective order. Once the protective order was agreed to, the parties agreed to supplement their discovery responses within thirty days of the protective order's entry. On October 26, 2011, Judge England signed an order based upon this Stipulation.

The parties subsequently exchanged draft protective orders. Plaintiff's draft protective order included the following paragraph:

> As to Class A information, the parties stipulate that plaintiff SPI may assert the right to refuse discovery relating to determination of an issue in this action which is an issue to be determined in the underlying action. Defendant American States may object to the designation of documents or information being so designated. In the event of this objection, plaintiff SPI will bring a motion for protective order or stay.

Defendant objected to this proposed protective order on the ground that it would effectively allow plaintiff to withhold discovery and thereby stay the case. Defendant further

2

asserted that this proposed protective order is contrary to the purpose of the parties' Stipulation, which was "to facilitate the production of documents and information responsive to the parties' respective discovery requests." Defendant offered a compromise, which was the designation of certain documents as "Highly Confidential – Attorneys' Eyes Only." Plaintiff rejected this offer.

On December 8, 2011, defendant filed a motion to produce documents and to provide substantive responses to interrogatories. On December 15, 2011, plaintiff filed a motion to stay, which is pending before the district judge. On December 19, 2011, defendant filed an amended motion seeking $6,510 for expenses.

B.   The Parties' Positions

Defendant argues plaintiff has stalled discovery in this case for months with promises that discovery would be provided once a protective order was in place. Once the parties began to work on an agreeable protective order, it became evident to defendant that plaintiff did not want to produce documents at all. As previously noted, defendant argues that the purpose of the Stipulation and the entry of a protective order was to 'facilitate' discovery. Per defendant, plaintiff acted in bad faith when it entered the Stipulation because its intent all along was to stay the case, not to facilitate discovery.

Defendant contends a stay is not warranted in this case because (a) the issues in this case do not turn on any issues to be litigated in the underlying Moonlight Fire cases; and (b) this case turns on the interpretation of insurance policies and indemnity agreements, the nature and timing of defendant's responses to plaintiff's tender of defense, and the rates of defendant's panel counsel to defend plaintiff in the Moonlight Fire cases.

Plaintiff, in its defense, asks the court to deny the motion to compel on the grounds that (1) requiring its counsel in the underlying Moonlight Fire cases to dedicate their time and efforts to respond to defendant's discovery requests on the eve of its first Moonlight Fire trial would prejudice it; (2) the issues at the heart of the discovery here significantly overlap with the issues in the underlying Moonlight Fire cases such that the disclosure of certain documents in this

case could prejudice its defenses in the Moonlight Fire cases; and (3) even with the entry of a protective order, it is concerned about the potential for inadvertent disclosure of confidential documents to the parties in the Moonlight Fire cases.

The court, having considered these arguments, overrules plaintiff's aforementioned objections. As to plaintiff's first argument, if plaintiff was indeed concerned about diverting the time and efforts of its counsel in the Moonlight Fire cases, it should have required them to respond to defendant's requests sooner. The court notes that defendant propounded its discovery requests over five months ago and plaintiff has received at least one extension to respond. Thus, any prejudice plaintiff may potentially experience is a direct result of its own delay. Moreover, any determination regarding the overlap of issues in this case and the Moonlight Fire cases is a subject for the district court. Finally, any concerns regarding inadvertent disclosure of confidential and sensitive material may be addressed by the entry of a protective order. The relatively remote potential for inadvertent disclosure of confidential documents does not justify the withholding of discovery altogether.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's December 19, 2011 motion to compel is partially granted;

2. Plaintiff is directed to provide responses to defendants' discovery requests (interrogatories and requests for production) without objection within thirty (30) days of the date of this order.

3. Defendant's request for expenses is denied.

DATED: January 12, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;sier0346.mtc

4