UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SIERRA PACIFIC INDUSTRIES,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:11-CV-00346-MCE-JFM<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Pursuant to Local Rule 141.1, Plaintiff and Counterdefendant Sierra Pacific Industries, Inc. ("SPI") and Defendant and Counterclaimant American States Insurance Company ("ASIC") hereby stipulate and agree, subject to Court approval, to be bound by the terms of this Protective Order ("Order"). Specifically, SPI and ASIC stipulate as follows:

**WHEREAS**, ASIC served plaintiff SPI with its First Set of Interrogatories and First Demand for Production of Documents on August 1, 2011;

**WHEREAS**, SPI served ASIC with SPI's Demand For Production Of Documents to Defendant ASIC, Set One on August 23, 2011;

**WHEREAS**, SPI and ASIC both received an initial 28-day extension to respond to the discovery requests, extending the time for SPI to respond to ASIC's First Set of Interrogatories and First Demand for Production of Documents until October 4, 2011 (see Docket Entry # 22) and extending the time for ASIC to respond to SPI's Document Demands until October 24, 2011 (see Docket Entry #23);

**WHEREAS**, on October 4, 2011, the deadline for SPI to respond to ASIC's First Set of Interrogatories and First Demand for Production of Documents, SPI served ASIC with written responses and objections, but no documents, and conditioned its production on the "Court's ruling on a stay/protective order";

**WHEREAS**, the parties have met and conferred and counsel for SPI expressed concern that documents and information sought in discovery might prejudice SPI's ongoing litigation in the underlying "Moonlight Fire Cases" identified in paragraph 20 of plaintiff SPI's First Amended Complaint ("FAC");

**WHEREAS**, counsel for ASIC did not agree that such a risk existed or that a protective order was necessary, but nevertheless agreed to cooperate and work together on a stipulated protective order to facilitate the production of documents and responses to written discovery and to protect not only the documents and information of concern to SPI, but also any documents or information that may be sought from ASIC by SPI in this case that are normally kept confidential because they contain trade secrets or competitively

1 sensitive technical, financial, marketing or other commercial information;

2 **WHEREAS**, on October 17, 2011, ASIC and SPI filed with the Court the
3 Stipulation and Order Extending Time for Parties to Respond to Discovery ("Discovery
4 Stipulation") in which the parties stipulated to work diligently towards a protective order
5 and stipulated that, upon the Court's approval of a protective order, the parties would: (1)
6 within thirty days of the approval, each party produce documents and responses to their
7 respective discovery requests; and (2) bring motions to compel, if necessary, within sixty
8 days after the exchange;

9 **WHEREAS**, the Court approved the Discovery Stipulation on October 26, 2011;

10 **WHEREAS**, a Court order is necessary in order to facilitate discovery and protect
11 potentially confidential information from being disseminated or used for purposes outside
12 this case;

13 **NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the
14 parties, through their undersigned counsel, that the parties shall be bound by the following
15 Protective Order:

### Definitions

17     1.     The term "Confidential Information" will mean and include information
18 contained or disclosed in any materials, including documents, portions of documents,
19 answers to interrogatories, responses to requests for admissions, trial testimony, deposition
20 testimony, and transcripts of trial testimony and depositions, including data, summaries,
21 and compilations derived therefrom that is designated as Confidential Information by the
22 producing party. Confidential Information will include, but is not limited to: internal
23 claims handling guidelines and procedures; underwriting files; pricing models and
24 calculations; account strategy; and an individual's or party's personal, health, or financial
25 information; trade secrets or competitively sensitive technical, financial, marketing or
26 other commercial information; or information potentially prejudicial to SPI's litigation
27 strategy or substantive claims or defenses in the underlying Moonlight Fire Cases (the
28 "Moonlight Fire Cases" collectively refers to the following cases: *California Department*

1  *of Forestry and Fire Protection v. Eunice E. Howell,* et al., Plumas County Superior Court
2  Case No. CV09-00205; *United States of America v. Sierra Pacific Industries,* et al. Eastern
3  District of California Case No. 2:09-cv-02445-JAM-EFB;  *Richard Guy and Edith Walker*
4  *v. Brooks Walker, et al.,*Plumas County Superior Court Case No.  CV09-00231; *Grange*
5  *Insurance Association v. Eunice Howell, etc., et al,* Plumas County Superior Court Case
6  No.CV09-00245; *California-Engels Mining Company v.Sierra Pacific Industries, et al.,*
7  Plumas County Superior Court Case No. CV09-00306;*James and Ellen Brandt v. Sierra v.*
8  *Sierra Pacific Industries, et al.,* Plumas County Superior Court Case No. CV10-00255;
9  John and Christine  Cosmez v. Brooks Walker, et al., Plumas County Superior Court Case
10 No. CV10-00264.

11       2.      The term "materials" shall mean and include, without limitation, any and all
12 "documents" and other items identified in and within the scope of FED. R. CIV. P. 34(a) and
13 the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings"
14 as defined in FED. R. EVID. 1001(1), including, but not limited to:  documents;
15 correspondence; memoranda; bulletins; telegrams; letters; statements; guidelines and
16 policies; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes
17 of conversations; desk diaries; appointment books; expense accounts; recordings;
18 photographs; motion pictures; compilations from which information can be obtained and
19 translated into reasonably usable form through detection devices; sketches; drawings;
20 notes; reports; instructions; disclosures; other writings; and electronic mail.

21       3.      The term "counsel" will mean outside counsel of record in this action, and
22 other attorneys, paralegals, secretaries, and other support staff employed in those law
23 firms. The term "counsel" shall also include the law firm of Dun & Martinek, L.L.P,
24 Covington & Burling, L.L.P. and Downey Brand.  The term "counsel" shall also include in
25 house counsel for any party in this action, including legal staff and supervisors in the legal
26 department if any, of the party.

### General Rules

28       4.      Each party to this litigation that produces or discloses any materials or

1  information that the producing party believes should be subject to this Protective Order
2  may designate the same as "CONFIDENTIAL" only if the materials and information are
3  reasonably subject to the definition of "Confidential Information" as set forth herein. The
4  producing party may designate material "CONFIDENTIAL" by clearly marking each page
5  "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."  Material produced
6  without such a marking is not confidential and is not protected by this Order.

7       5.    Each party to this litigation that produces or discloses any materials or
8  information that the producing party believes should be subject to this Protective Order
9  may also designate the same as "CONFIDENTIAL – ATTORNEYS EYES ONLY
10 PURSUANT TO PROTECTIVE ORDER,"  Material or information may be subject to this
11 designation only if the designating party reasonably believes that the disclosure of said
12 materials or information to anyone other than counsel or the individuals identified in
13 Paragraph 8 below might jeopardize SPI's defense of the underlying Moonlight Fire Cases.
14 Material or information produced without such a marking is not attorneys' eyes only and is
15 only protected by this Order if said materials and information have not been marked
16 "Confidential" pursuant to this Order.

17      6     Whenever a deposition taken on behalf of any party involves a disclosure of
18 Confidential Information of any party, the deposition or portions of the deposition must be
19 designated as containing Confidential Information subject to the provisions of this Order;
20 such designation may be made on the record whenever possible, but a party may designate
21 portions of depositions as containing Confidential Information after transcription of the
22 proceedings; a party will have until fourteen (14) days after receipt of the final deposition
23 transcript to inform the other party or parties to the action of the portions of the transcript
24 to be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Original
25 deposition transcripts and all copies of the deposition must bear the legend
26 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate.

27      7     Information designated "CONFIDENTIAL" must be viewed only by the
28 individuals identified in this paragraph.  The Court, counsel (as defined in paragraph 3),

1 and their respective stenographic and clerical employees and staff members, as well as the
2 parties to this action, may view information designated as "CONFIDENTIAL" without
3 signing the agreement attached hereto as Exhibit A prior to disclosure. The other
4 individuals listed below must read this Order in advance of disclosure and agree in writing
5 to be bound by its terms by signing the agreement attached hereto as Exhibit A:

   (a) Technical personnel of counsel in preparation for trial of this action;

   (b) Independent experts or consultants retained directly by counsel to consult or testify in connection with this case; and

   (c) Any other person or entity identified by a written agreement or stipulation between the parties.

  Absent a written agreement between the parties, under no circumstances shall material or information designated as "Confidential" be disclosed to any plaintiff in the Moonlight Fire Cases or anyone who has worked on any plaintiff's behalf in connection with the Moonlight Fire Cases, including counsel or experts or consultants. Absent a written agreement between the parties, under no circumstances shall material or information designated by ASIC as "Confidential" be disclosed to ASIC's competitors or other persons, companies or entities in the insurance industry.

  8. Information designated "ATTORNEYS' EYES ONLY" must be viewed only by the individuals identified in this paragraph. The Court, counsel (as defined in paragraph 3), and their respective stenographic and clerical employees and staff members, may view information designated as "ATTORNEYS' EYES ONLY" without signing the agreement attached hereto as Exhibit A prior to disclosure. The other individuals listed below must read this Order in advance of disclosure and agree in writing to be bound by its terms by signing the agreement attached hereto as Exhibit A:

   (a) Technical personnel of counsel in preparation for trial of this action;

   (b) Independent experts or consultants retained directly by counsel

to consult or testify in connection with this case; and

(c)   Any other person or entity identified by a written agreement or stipulation between the parties.

Absent a written agreement between the parties, under no circumstances shall material or information designated as "Attorneys Eyes Only" be disclosed to any plaintiff in the Moonlight Fire Cases or anyone who has worked on any plaintiff's behalf in connection with the Moonlight Fire Cases, including counsel or consultants.

9   With respect to material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same without signing Exhibit A.

10   Without a Court order or written permission from the producing party, a party that desires to submit Confidential Information to the Court must file it under seal in accordance with Local Rule 141.

11.   At any stage of these proceedings, any party may object to a designation of materials as "CONFIDENTIAL" OR "ATTORNEYS EYES ONLY."  The party objecting to confidentiality must notify counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The party designating material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" bears the burden of proof.  The materials at issue must be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order, until the Court has ruled on the objection or the matter has been resolved by agreement of the parties.

12.   All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of litigating this action. . Counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

1       13      If Confidential Information is disclosed by a party other than the producing party to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must, within 7 days of discovering the unauthorized disclosure, (1) notify the unauthorized recipient that the disclosed material is confidential pursuant to the terms of this Order; (2) provide the unauthorized recipient with a copy of this Order; (3) request that the unauthorized recipient immediately destroy all copies of the Confidential Information in his or her possession and refrain from disclosing the Confidential Information to anyone else; and (4) notify the producing party of the unauthorized disclosure and the completion of steps 1, 2 and 3 above.

        14.     Nothing in this Order authorizes discovery that is otherwise improper under the Federal Rules of Civil Procedure.

        15.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

        16.     Transmission by email or facsimile is acceptable for all notification purposes within this Order.

/////

/////

/////

17. The parties may modify this Order by agreement, subject to Court approval. It is understood that whether a document will be deemed "Confidential Information" at trial is subject to the discretion of the trial judge.

DATED: February _, 2012          SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                  By          /s/ Leo D. Caseria

                                          LEO D. CASERIA
                                  Attorneys for Defendant and Counterclaimant
                                  AMERICAN STATES INSURANCE COMPANY

DATED: February _, 2012          MILES & WESTBROOK

                                  By          /s/ Joel M. Westbrook

                                          JOEL M. WESTBROOK
                                  Attorneys for Plaintiff and Counterdefendant
                                   SIERRA PACIFIC INDUSTRIES, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 16, 2012.

                                          /s/ John F. Moulds
                                          United States Magistrate Judge

/014;sier0346.stip

-9-

**Exhibit A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SIERRA PACIFIC INDUSTRIES,<br><br>                Plaintiff,<br><br>    v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>                Defendant. | Case No. 2:11-CV-00346-MCE-JFM<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| AND RELATED COUNTERCLAIM. | |

    I, _____, declare and say that:

    1.    I am employed as _____ by _____
_____.

    2.    I have read the Protective Order entered in the above captioned case, and have received a copy of the Protective Order.

    3.    I promise that I will use any and all "Confidential" or "Attorneys' Eyes Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

4. I promise that I will not disclose or discuss such "Confidential" information or "Attorneys' Eyes Only" information with anyone other than the persons described in paragraph 6 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" information or "Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

By _____