UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SIERRA PACIFIC INDUSTRIES,            No. 2:11-cv-00346-MCE-JFM

            Plaintiff,

     v.                               ORDER

AMERICAN STATES INSURANCE
COMPANY,

            Defendant.

----oo0oo----

    Before the Court is Sierra Pacific Industries' ("Sierra")
Ex Parte Application to Continue the Motion for Summary Judgment
Hearing.  (ECF No. 80.)  For the reasons that follow, the Motion
is denied.

    The Motion for Summary Judgment Hearing is currently
scheduled for August 23, 2012.  Sierra asks the Court to continue
the hearing to November 1 and asks that all briefing deadlines be
adjusted to correspond to the new hearing date.

///

///

1

1  Sierra contends that the continuance is warranted on the basis

2  that it needs additional time to depose witnesses to effectively

3  oppose American States Insurance Company's ("ASIC") Motion for

4  Summary Judgment.  (ECF No. 80 at 2).  Specifically, ASIC

5  identifies several individuals, whose declarations are attached

6  to ASIC's Motion for Summary Judgment, that it believes will lead

7  to the discovery of triable issues of fact.  (Id. at 3-6.)  In

8  addition, Sierra also contends that Downey Brand and Sierra's

9  general counsel's involvement in another Moonlight Fire action

10  may complicate matters, as well as ASIC's separate lawsuit

11  against Sierra's insurance company.  (Id. at 5-6.)

12      ASIC opposes the continuance.  (ECF No. 85.)  ASIC contends

13  that the burden is on Sierra to show sufficient justification to

14  defer consideration of the Motion for Summary Judgment, and that

15  Sierra has not done so here.  (Id. at 6-13.)  Specifically, ASIC

16  contends that: (1) Sierra has failed to identify any facts

17  essential to its opposition to the Motion for Summary Judgment

18  that are within ASIC's exclusive control; (2) Sierra has had

19  fourteen months to conduct the discovery it now proposes;

20  (3) ASIC's separate action against Sierra is irrelevant; and

21  (4) neither Downey Brand's, nor Sierra's general counsel's,

22  involvement in the other action, justify the continuance.  (Id.)

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

2

1    The Court is not persuaded that a continuance of the Summary

2  Judgment Motion hearing is warranted.  Federal Rule of Civil

3  Procedure 56(d) states that if the "nonmovant shows by affidavit

4  or declaration that, for specified reasons, it cannot present

5  facts essential to justify its opposition," the district court

6  may "(1) defer considering the motion or deny it; (2) allow time

7  to obtain affidavits or declarations or to take discovery; or

8  (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).

9  District courts "should continue a summary judgment motion upon a

10 good faith showing by affidavit that the continuance is needed to

11 obtain facts essential to preclude summary judgment."  State of

12 Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell,

13 138 F.3d 772, 779 (9th Cir. 1998) (citing McCormick v. Fund

14 American Cos., 26 F.3d 869, 885 (9th Cir. 1994)).  The party

15 seeking a continuance must show that "(1) it has set forth in

16 affidavit form the specific facts it hopes to elicit from further

17 discovery; (2) the facts sought exist; and (3) the sought-after

18 facts are essential to oppose summary judgment."  Family Home and

19 Finance Center, Inc. v. Federal Home Loan Mortg., 525 F.3d 822,

20 827 (9th Cir. 2008).  A court is within its discretion to deny

21 such a request when the party seeking the continuance has not

22 diligently pursued discovery previously.  Qualls v. Blue Cross of

23 California, 22 F.3d 839, 844 (9th Cir. 1994).

24    Here, the Court is not persuaded that the depositions that

25 Sierra wishes to conduct are essential to its opposition to

26 ASIC's Motion for Summary Judgment, or that such depositions

27 could not have been conducted well in advance.

28 ///

1  Nor is the Court persuaded that Downey Brand and Sierra's general

2  counsel's involvement in another Moonlight Fire action, or ASIC's

3  separate lawsuit against Sierra's insurance company, will

4  complicate or delay the currently scheduled hearing on ASIC's

5  Motion for Summary Judgment.

6      For the reasons set forth above, Sierra's Ex Parte

7  Application to Continue the Motion for Summary Judgment Hearing

8  (ECF No. 80) is DENIED.

9      IT IS SO ORDERED.

10  Dated: July 31, 2012

11

12  _____

13  MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4