UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SIERRA PACIFIC INDUSTRIES,   No. 2:11-cv-00346-MCE-JFM

      Plaintiff,

  v.   ORDER

AMERICAN STATES INSURANCE COMPANY,

      Defendant.

----oo0oo----

Before the Court is Sierra Pacific Industries' ("Sierra") Ex Parte Application to Continue the Motion for Summary Judgment Hearing. (ECF No. 80.) For the reasons that follow, the Motion is denied.

The Motion for Summary Judgment Hearing is currently scheduled for August 23, 2012. Sierra asks the Court to continue the hearing to November 1 and asks that all briefing deadlines be adjusted to correspond to the new hearing date.

///

///

1

1  Sierra contends that the continuance is warranted on the basis
2  that it needs additional time to depose witnesses to effectively
3  oppose American States Insurance Company's ("ASIC") Motion for
4  Summary Judgment.  (ECF No. 80 at 2).  Specifically, ASIC
5  identifies several individuals, whose declarations are attached
6  to ASIC's Motion for Summary Judgment, that it believes will lead
7  to the discovery of triable issues of fact.  (Id. at 3-6.)  In
8  addition, Sierra also contends that Downey Brand and Sierra's
9  general counsel's involvement in another Moonlight Fire action
10 may complicate matters, as well as ASIC's separate lawsuit
11 against Sierra's insurance company.  (Id. at 5-6.)
12     ASIC opposes the continuance.  (ECF No. 85.)  ASIC contends
13 that the burden is on Sierra to show sufficient justification to
14 defer consideration of the Motion for Summary Judgment, and that
15 Sierra has not done so here.  (Id. at 6-13.)  Specifically, ASIC
16 contends that: (1) Sierra has failed to identify any facts
17 essential to its opposition to the Motion for Summary Judgment
18 that are within ASIC's exclusive control; (2) Sierra has had
19 fourteen months to conduct the discovery it now proposes;
20 (3) ASIC's separate action against Sierra is irrelevant; and
21 (4) neither Downey Brand's, nor Sierra's general counsel's,
22 involvement in the other action, justify the continuance.  (Id.)
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    The Court is not persuaded that a continuance of the Summary
2 Judgment Motion hearing is warranted.  Federal Rule of Civil
3 Procedure 56(d) states that if the "nonmovant shows by affidavit
4 or declaration that, for specified reasons, it cannot present
5 facts essential to justify its opposition," the district court
6 may "(1) defer considering the motion or deny it; (2) allow time
7 to obtain affidavits or declarations or to take discovery; or
8 (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).
9 District courts "should continue a summary judgment motion upon a
10 good faith showing by affidavit that the continuance is needed to
11 obtain facts essential to preclude summary judgment." State of
12 Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell,
13 138 F.3d 772, 779 (9th Cir. 1998) (citing McCormick v. Fund
14 American Cos., 26 F.3d 869, 885 (9th Cir. 1994)).  The party
15 seeking a continuance must show that "(1) it has set forth in
16 affidavit form the specific facts it hopes to elicit from further
17 discovery; (2) the facts sought exist; and (3) the sought-after
18 facts are essential to oppose summary judgment." Family Home and
19 Finance Center, Inc. v. Federal Home Loan Mortg., 525 F.3d 822,
20 827 (9th Cir. 2008).  A court is within its discretion to deny
21 such a request when the party seeking the continuance has not
22 diligently pursued discovery previously. Qualls v. Blue Cross of
23 California, 22 F.3d 839, 844 (9th Cir. 1994).
24    Here, the Court is not persuaded that the depositions that
25 Sierra wishes to conduct are essential to its opposition to
26 ASIC's Motion for Summary Judgment, or that such depositions
27 could not have been conducted well in advance.
28 ///

3

1 Nor is the Court persuaded that Downey Brand and Sierra's general
2 counsel's involvement in another Moonlight Fire action, or ASIC's
3 separate lawsuit against Sierra's insurance company, will
4 complicate or delay the currently scheduled hearing on ASIC's
5 Motion for Summary Judgment.
6     For the reasons set forth above, Sierra's Ex Parte
7 Application to Continue the Motion for Summary Judgment Hearing
8 (ECF No. 80) is DENIED.
9     IT IS SO ORDERED.
10 Dated: July 31, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4