FRANK FALZETTA, Cal. Bar No. 125146
ffalzetta@sheppardmullin.com
SCOTT SVESLOSKY, Cal. Bar No. 217660
ssveslosky@sheppardmullin.com
LEO D. CASERIA, Cal. Bar No. 240323
lcaseria@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398

Attorneys for Defendant and Counterclaimant
AMERICAN STATES INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SIERRA PACIFIC INDUSTRIES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>　　　　Defendant.<br><br><br>AND RELATED COUNTERCLAIM. | Case No. 2:11-CV-00346-MCE-JFM<br><br>**STIPULATION AND ORDER TO AMEND PRETRIAL SCHEDULING ORDER AND EXTEND DISCOVERY CUTOFF BY ONE MONTH** |

**STIPULATION**

Pursuant to Local Rules 143 and 144, and Section XIII of the Court's Pretrial Scheduling Order (Docket Entry #61), Plaintiff and Counter-Defendant Sierra Pacific Industries, Inc. ("SPI") and Defendant and Counterclaimant American States Insurance Company ("ASIC") hereby stipulate and agree, subject to Court approval, to a one month continuance of the discovery cutoff date, from October 5, 2012 to November 5, 2012, in the above-entitled action. Specifically, SPI and ASIC stipulate and agree as follows:

**WHEREAS**, SPI filed its First Amended Complaint ("FAC") against ASIC on April 7, 2011;

**WHEREAS**, ASIC filed its Counterclaim against SPI on August 1, 2011;

**WHEREAS**, ASIC filed a Motion for Summary Judgment on June 22, 2012, the motion has been fully briefed, and a hearing is currently for August 23, 2012;

**WHEREAS**, the fact discovery cutoff in this case is currently set for October 5, 2012 under Section IV of the Court's Pretrial Scheduling Order (Docket Entry #61);

**WHEREAS**, trial is not set to begin in this case until August 5, 2013 under Section X of the Court's Pretrial Scheduling Order (Docket Entry #61);

**WHEREAS**, SPI has noticed the following depositions of ASIC-affiliated witnesses for dates in August and September: Jenifer Hormel, Robert Carr, Rhonda Cully, Michael Ohlinger, James Bowman, ASIC's persons most knowledgeable ("PMKs") as to 13 topics, and ASIC's custodian of records, and has also requested the production of numerous categories of documents;

**WHEREAS**, ASIC has noticed the following depositions of SPI-affiliated witnesses for dates in September: David Dun, David Martinek, William Warne, Annie Amaral, Jon Gartman, and SPI's PMKs as to 22 topics, and has also requested the production of numerous categories of documents;

**WHEREAS**, SPI also intends to notice the depositions of James Biernat and Michael Budra but has not yet done so;

**WHEREAS**, good cause exists for the Court to modify the Pretrial Scheduling Order and extend the discovery cutoff from October 5, 2012 to November 5, 2012 pursuant to the parties' stipulation for the following reasons:

1        1.      The witnesses have conflicts preventing all of the depositions from going forward as scheduled.  For instance, ASIC's James Bowman has no availability for a deposition before October 2012.  William Warne is not available for a deposition on September 26, 2012, the date currently scheduled for his deposition.

         2.      The attorneys have conflicts with depositions in September.  For instance, Scott Sveslosky and Leo Caseria will be taking and defending depositions for ASIC.  However, Scott Sveslosky will be out of the country taking and defending depositions in another matter for all but five days from August 27, 2012, through October 10, 2012.  Leo Caseria has other active matters that require a significant amount of work this month and early next month. SPI's attorney Denise Jarman is in trial on another matter for most of the rest of this month, at least through August 27, 2012.  Getting other attorneys up to speed on this complicated matter, including the complicated facts surrounding the seven underlying Moonlight Fire Cases, would still require an extension.

         3.      In addition to scheduling conflicts, the parties are in the process of discussing disputes relating to pending document demands and PMK topics, and an extension of the discovery cutoff would provide the parties more time to cooperate and reach a compromise to resolve as many of those issues as possible.

         4.      A one month extension of the discovery cutoff would not affect any other dates or deadlines in the Court's Pretrial Scheduling Order.  Trial is not set to begin until August 5, 2013, a year from now.  The next scheduled event in the Court's Pretrial Scheduling Order is the disclosure of expert witnesses on December 5, 2012, a full month after the parties' currently proposed discovery cutoff of November 5, 2012.

         5.      The parties need more time to conduct discovery.  The parties need to read and analyze new documents that may be produced, meet and confer and filed motions to compel or motions for protective orders if necessary, prepare witnesses for depositions, and take and defend depositions.  SPI has asserted that the seven underlying Moonlight Fire Cases are complex and seek $1 billion from SPI in aggregate.

         6.      For all the reasons set forth above, counsel for both parties believe that extending the discovery cutoff date by one month will allow the parties sufficient time to complete all

remaining discovery.  The parties and their respective counsel are also confident that these new deadlines will promote and encourage settlement discussions.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the parties, through their undersigned counsel, that the fact discovery cutoff in this matter is hereby extended from October 5, 2012 to November 5, 2012.  Section IV of the Court's January 12, 2012 Pretrial Scheduling Order is hereby amended to read as follows:

> All discovery, with the exception of expert discovery, shall be completed by November 5, 2012.  In this context, "completed" means that all discovery shall have been conducted so that all deposition have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

DATED:  August 9, 2012        SHEPPARD MULLIN RICHTER & HAMPTON LLP

                              By      /s/ Leo D. Caseria
                                      LEO D. CASERIA
                                 Attorneys for Defendant and Counterclaimant
                                 AMERICAN STATES INSURANCE COMPANY

DATED:  August 9, 2012        MILES & WESTBROOK

                              By      /s/ Joel M. Westbrook (as authorized on
                                              August 8, 2012)
                                      JOEL M. WESTBROOK
                                 Attorneys for Plaintiff and Counterdefendant
                                 SIERRA PACIFIC INDUSTRIES, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: August 23, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE