Lawrence A. Hobel (SBN 73364)
Esta Brand (SBN 83329)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:   (415) 591-6000
Facsimile:    (415) 591-6091
Email:         lhobel@cov.com
Email:         ebrand@cov.com

Denise Jarman (SBN 88650)
THE LAW OFFICE OF DENISE JARMAN
283 South Lake Avenue, Suite 200
Pasadena, CA 91101
Telephone:   (626) 768-1062
Facsimile:    (866) 715-4630
Email:         jarmandenny@yahoo.com

Joel Westbrook (SBN 196578)
MILES & WESTBROOK
1407 Oakland Boulevard, Suite 107
Walnut Creek, CA 94596
Telephone:   (925) 938-4500
Facsimile:    (925) 938-7007
Email:         joel@mileswestbrook.com

Attorneys for Plaintiff
SIERRA PACIFIC INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA PACIFIC INDUSTRIES,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>    Defendant. | Case No.:  2:11-CV-00346-MCE-JFM<br><br>**DISCOVERY MATTER**<br><br>**REVISED STIPULATION AND PROTECTIVE ORDER** |

1  Pursuant to Local Rule 141.1, Plaintiff and Counterdefendant Sierra Pacific Industries,
2 Inc. ("SPI") and Defendant and Counterclaimant American States Insurance Company ("ASIC")
3 hereby stipulate and agree, subject to Court approval, to be bound by the terms of this Protective
4 Order ("Order"). Specifically, SPI and ASIC stipulate as follows:

5  WHEREAS, ASIC served plaintiff SPI with its First Set of Interrogatories and First
6 Demand for Production of Documents on August 1, 2011; WHEREAS, SPI served ASIC with
7 SPI's Demand For Production Of Documents to Defendant ASIC, Set One on August 23, 2011;
8 WHEREAS, SPI and ASIC both received an initial 28-day extension to respond to the discovery
9 requests, extending the time for SPI to respond to ASIC's First Set of Interrogatories and First
10 Demand for Production of Documents until October 4, 2011 (see Docket Entry # 22) and
11 extending the time for ASIC to respond to SPI's Document Demands until October 24, 2011
12 (see Docket Entry #23);

13  WHEREAS, on October 4, 2011, the deadline for SPI to respond to ASIC's First
14 Set of Interrogatories and First Demand for Production of Documents, SPI served ASIC with
15 written responses and objections, but no documents, and conditioned its production on the
16 "Court's ruling on a stay/protective order";

17  WHEREAS, the parties have met and conferred and counsel for SPI expressed
18 concern that documents and information sought in discovery might prejudice SPI's ongoing
19 litigation in the underlying "Moonlight Fire Cases" identified in paragraph 20 of plaintiff SPI's
20 First Amended Complaint ("FAC");

21  WHEREAS, counsel for ASIC did not agree that such a risk existed or that a
22 protective order was necessary, but nevertheless agreed to cooperate and work together on a
23 stipulated protective order to facilitate the production of documents and responses to written
24 discovery and to protect not only the documents and information of concern to SPI, but also any
25 documents or information that may be sought from ASIC by SPI in this case that are normally
26 kept confidential because they contain trade secrets or competitively sensitive technical,
27 financial, marketing or other commercial information;
28

1    WHEREAS, on October 17, 2011, ASIC and SPI filed with the Court the
2 Stipulation and Order Extending Time for Parties to Respond to Discovery ("Discovery
3 Stipulation") in which the parties stipulated to work diligently towards a protective order and
4 stipulated that, upon the Court's approval of a protective order, the parties would: (1) within
5 thirty days of the approval, each party produce documents and responses to their respective
6 discovery requests; and (2) bring motions to compel, if necessary, within sixty days after the
7 exchange;
8    WHEREAS, the Court approved the Discovery Stipulation on October 26, 2011;
9    WHEREAS, a Court order is necessary in order to facilitate discovery and
10 protect potentially confidential information from being disseminated or used for purposes
11 outside this case;
12   WHEREAS, despite differences respecting coverage, ASIC and SPI share a
13 common interest respecting defense of the underlying Moonlight Fire Cases where ASIC and
14 SPI communicated on matters as to the defense of those actions which include communications
15 subject to the ATTORNEY-CLIENT PRIVILEGE or WORK-PRODUCT PROTECTION,
16 which communications may be the subject of discovery in THIS MATTER;
17   WHEREAS, ASIC and SPI want to avoid any claim that such disclosures
18 between ASIC and SPI in THIS MATTER constitute a waiver of THE ATTORNEY-CLIENT
19 PRIVILEGE or WORK-PRODUCT PROTECTION;
20   WHEREAS, Federal Rule of Evidence 502 (d) and (e) provide a means to avoid
21 privilege waivers under such circumstances,
22   NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the
23 parties, through their undersigned counsel, that the parties shall be bound by the following
24 Protective Order:

25                                   **Definitions**

26   1.   The term "Confidential Information" will mean and include information
27 contained or disclosed in any materials, including documents, portions of documents, answers to
28 interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and

2

1  transcripts of trial testimony and depositions, including data, summaries, and compilations
2  derived therefrom that is designated as Confidential Information by the producing party.
3  Confidential Information will include, but is not limited to: internal claims handling guidelines
4  and procedures; underwriting files; pricing models and calculations; account strategy; and an
5  individual's or party's personal, health, or financial information; trade secrets or competitively
6  sensitive technical, financial, marketing or other commercial information; or information
7  potentially prejudicial to SPI's litigation strategy or substantive claims or defenses in the
8  underlying Moonlight Fire Cases (the "Moonlight Fire Cases" collectively refers to the
9  following cases: California Department

10     2.    The term "materials" shall mean and include, without limitation, any and all
11 "documents" and other items identified in and within the scope of FED. R. CIV. P. 34(a) and the
12 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined
13 in FED. R. EVID. 1001(1), including, but not limited to: documents; correspondence;
14 memoranda; bulletins; telegrams; letters; statements; guidelines and policies; cancelled checks;
15 contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries;
16 appointment books; expense accounts; recordings; photographs; motion pictures; compilations
17 from which information can be obtained and translated into reasonably usable form through
18 detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings;
19 and electronic mail.

20     3.    The term "counsel" will mean outside counsel of record in this action, and other
21 attorneys, paralegals, secretaries, and other support staff employed in those law firms. The term
22 "counsel" shall also include the law firm of Dun & Martinek, L.L.P, Covington & Burling,
23 L.L.P. and Downey Brand. The term "counsel" shall also include in house counsel for any party
24 in this action, including legal staff and supervisors in the legal department if any, of the party.

25     4.    The term "THIS MATTER" will mean the lawsuit *Sierra Pacific Industries v.*
26 *American States Insurance Company"* and the related counterclaim.

27     5.    The terms "ATTORNEY-CLIENT PRIVILEGE" AND "WORK-PRODUCT
28 PROTECTION" will have the meanings set forth in Federal Rule of Evidence 502(g).

**General Rules**

6. Each party to this litigation that produces or discloses any materials or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" only if the materials and information are reasonably subject to the definition of "Confidential Information" as set forth herein. The producing party may designate material "CONFIDENTIAL" by clearly marking each page "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." Material produced without such a marking is not confidential and is not protected by this Order.

7. Each party to this litigation that produces or discloses any materials or information that the producing party believes should be subject to this Protective Order may also designate the same as "CONFIDENTIAL – ATTORNEYS EYES ONLY PURSUANT TO PROTECTIVE ORDER," Material or information may be subject to this designation only if the designating party reasonably believes that the disclosure of said materials or information to anyone other than counsel or the individuals identified in Paragraph 8 below might jeopardize SPI's defense of the underlying Moonlight Fire Cases. Material or information produced without such a marking is not attorneys' eyes only and is only protected by this Order if said materials and information have not been marked "Confidential" pursuant to this Order.

8. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party, the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation may be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the final deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Original deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate.

4

1	9.	Information designated "CONFIDENTIAL" must be viewed only by the
2	individuals identified in this paragraph. The Court, counsel (as defined in paragraph 3), and their
3	respective stenographic and clerical employees and staff members, as well as the parties to this
4	action, may view information designated as "CONFIDENTIAL" without signing the agreement
5	attached hereto as Exhibit A prior to disclosure. The other individuals listed below must read
6	this Order in advance of disclosure and agree in writing to be bound by its terms by signing the
7	agreement attached hereto as Exhibit A:

   a)	Technical personnel of counsel in preparation for trial of this action;

   b)	Independent experts or consultants retained directly by counsel to consult or testify in connection with this case; and

   c)	Any other person or entity identified by a written agreement or stipulation between the parties.

12	Absent a written agreement between the parties, under no circumstances shall material or
13	information designated as "Confidential" be disclosed to any plaintiff in the Moonlight Fire
14	Cases or anyone who has worked on any plaintiff's behalf in connection with the Moonlight
15	Fire Cases, including counsel or experts or consultants. Absent a written agreement between the
16	parties, under no circumstances shall material or information designated by ASIC as
17	"Confidential" be disclosed to ASIC's competitors or other persons, companies or entities in the
18	insurance industry.
19	10.	Information designated "ATTORNEYS' EYES ONLY" must be viewed only by
20	the individuals identified in this paragraph. The Court, counsel (as defined in paragraph 3), and
21	their respective stenographic and clerical employees and staff members, may view information
22	designated as "ATTORNEYS' EYES ONLY" without signing the agreement attached hereto as
23	Exhibit A prior to disclosure. The other individuals listed below must read this Order in advance
24	of disclosure and agree in writing to be bound by its terms by signing the agreement attached
25	hereto as Exhibit A:

   a)	Technical personnel of counsel in preparation for trial of this action;

   b)	Independent experts or consultants retained directly by counsel to consult or testify in connection with this case; and

5

CASE NO.: 2:11-CV-00346-MCE-JFM

     c)  Any other person or entity identified by a written agreement or stipulation between the parties.

  Absent a written agreement between the parties, under no circumstances shall material or information designated as "Attorneys Eyes Only" be disclosed to any plaintiff in the Moonlight Fire Cases or anyone who has worked on any plaintiff's behalf in connection with the Moonlight Fire Cases, including counsel or consultants.

  11.  With respect to material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same without signing Exhibit A.

  12.  Without a Court order or written permission from the producing party, a party that desires to submit Confidential Information to the Court must file it under seal in accordance with Local Rule 141.

  13.  At any stage of these proceedings, any party may object to a designation of materials as "CONFIDENTIAL" OR "ATTORNEYS EYES ONLY." The party objecting to confidentiality must notify counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The party designating material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" bears the burden of proof. The materials at issue must be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order, until the Court has ruled on the objection or the matter has been resolved by agreement of the parties.

  14.  All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of litigating this action. . Counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

  15.  If Confidential Information is disclosed by a party other than the producing party to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must, within 7 days of discovering the unauthorized disclosure, (1)

1  notify the unauthorized recipient that the disclosed material is confidential pursuant to the terms
2  of this Order; (2) provide the unauthorized recipient with a copy of this Order; (3) request that
3  the unauthorized recipient immediately destroy all copies of the Confidential Information in his
4  or her possession and refrain from disclosing the Confidential Information to anyone else; and
5  (4) notify the producing party of the unauthorized disclosure and the completion of steps 1, 2
6  and 3 above.

7  16.  Nothing in this Order authorizes discovery that is otherwise improper under the
8  Federal Rules of Civil Procedure.

9  17.  Upon final termination of this action, including any and all appeals, counsel for
10 each party must, upon request of the producing party, return all Confidential Information to the
11 party that produced the information, including any copies, excerpts, and summaries of that
12 information, or must destroy same at the option of the receiving party, and must purge all such
13 information from all machine-readable media on which it resides. Notwithstanding the
14 foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and
15 other documents filed with the Court that refer to or incorporate Confidential Information, and
16 will continue to be bound by this Order with respect to all such retained information. Further,
17 attorney work product materials that contain Confidential Information need not be destroyed,
18 but, if they are not destroyed, the person in possession of the attorney work product will
19 continue to be bound by this Order with respect to all such retained information.

20 18.  Transmission by email or facsimile is acceptable for all notification purposes
21 within this Order.

22 19.  Disclosure to each other in THIS MATTER of information and documents
23 protected by the ATTORNEY-CLIENT PRIVILEGE or WORK-PRODUCT DOCTRINE will
24 not cause a waiver of the ATTORNEY-CLIENT PRIVILEGE or the WORK-PRODUCT
25 PROTECTION in THIS MATTER or in any other proceeding, including but not limited to the
26 "Moonlight Fire Cases."

27
28

1  20. This Agreement does not establish what must be disclosed as between ASIC and SPI in this action but simply establishes protection respecting any information or documents that is privileged or protected under the work-product doctrine.

21. ASIC and SPI may designate documents protected by the ATTORNEY-CLIENT PRIVILEGE or the WORK-PRODUCT PROTECTION as "CONFIDENTIAL"OR "ATTORNEYS' EYES ONLY" in accordance with other provisions in this Protective Order. However, the failure to do so shall not be construed as a waiver of attorney-client privilege or attorney work product privilege as to any third-party.

22. The parties may modify this Order by agreement, subject to Court approval. It is understood that whether a document will be deemed "Confidential Information" at trial is subject to the discretion of the trial judge.

DATED: August 28, 2012

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By /s/ Leo D. Caseria
LEO D. CASERIA
Attorneys for Defendant and Counterclaimant
AMERICAN STATES INSURANCE COMPANY

DATED: August 28, 2012

MILES & WESTBROOK

By /s/ Joel M. Westbrook
JOEL M. WESTBROOK
Attorneys for Plaintiff and Counterdefendant
SIERRA PACIFIC INDUSTRIES, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**Date:  9/10/2012**

John F. Moulds
United States Magistrate Judge

9

CASE NO.: 2:11-CV-00346-MCE-JFM

**Exhibit A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA PACIFIC INDUSTRIES,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>    Defendant. | Case No.:  2:11-CV-00346-MCE-JFM<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

    1.    I am employed as _____by _____
_____

    2.    I have read the Protective Order entered in the above captioned case, and have received a copy of the Protective Order.

    3.    I promise that I will use any and all "Confidential" or "Attorneys' Eyes Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

    4.    I promise that I will not disclose or discuss such "Confidential" information or "Attorneys' Eyes Only" information with anyone other than the persons described in paragraph 6 of the Protective Order.

    5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" information or "Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____

By: _____